# CONCORDIA PARISH.

### Robt. P. Schiele vs. Frank A. Schnieder.

Mayo, J. Where matters of account are submitted in writing to arbitrators, and one of the parties gives his note for the balance fixed by them, he will not be allowed to attack the settlement for error. The settlement will be presumed to be full and final. C. C. 3102.

### Natchez and Vidalia Ferry Co. vs Joe Harden.

Farmer, J. When there is no note of evidence, no statement of facts, no written exception to the rulings of the lower court, nor assignment of errors, nor special verdict in the record, this Court will dismiss the appeal *ex proprio motu.* C. P. 896; 29 An. 74.

### Joseph Hubbard vs. J. C. Pollard.

C. J. Boatner, J., *ad hoc.* Where the owner of a plantation employs a manager, and in the contract stipulates that, as a part of the remuneration for his services, he shall have the right to use the gin on the place to gin cotton for customers, whenever said gin is not being used for plantation ginning, and the employer subsequently refuses to allow the manager to use the gin as stipulated, held : The contract was not a lease of the ginhouse, but a labor contract, the use of the gin being part of the manager's wages, and consequently he had no right by injunction to compel the proprietor to permit him to use the gin. His remedy was to sue for damages for breach of contract.

### Wm. H. Harvey vs. H. L. Stanton et al.

C. J. Boatner, J., *ad hoc.* Where the lessee obtains and goes into possession under a lease from the agent of the owner of a certain tract of land, and subsequently obtains another lease from the owner, the second contract will be considered as merely ratifying the first, by which the lessee's rights are to be determined.

2. The property leased being described as " Ballina Plantation," parol evidence is admissible to explain what the parties understood that description to include.

3. At the date of said lease, to the knowledge of both parties, a person was in possession of fifteen acres of land on Ballina Place, cleared and improved by him under a contract that he should hold the same for a term of years, though his contract be unrecorded, he can maintain his possession, for the clearing made by him was not embraced, by fair construction, in the premises leased to the second lessee.